TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00173-CR






John Arick Coleman, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT

NO. 62,909, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 A jury found appellant John Arick Coleman guilty of capital murder. See Tex. Penal
Code Ann. § 19.03 (West 2003). As the State did not seek the death penalty, the trial court imposed
the mandatory sentence of life without parole. We affirm the judgement of conviction.

 The fatal incident took place on the night of February 5, 2008. At approximately
midnight that evening, a travel trailer where the deceased, Ray Brantner, resided caught fire. 
Brantner's remains were found on his bed, and an adjacent fence had been freshly cut. A state fire
marshall declared the fire arson and the accelerant gasoline. An autopsy revealed the cause of death
was a fatal gunshot wound.

 The girlfriend of the appellant, Maria Torres, testified at trial that on the night of the
fatal event, appellant did not return to his apartment until approximately 12:45 a.m. This time was
later confirmed by keypad records from the apartment security gate. Appellant proceeded to throw
away gasoline soaked clothes. Torres shared her concerns with a friend in the Bell County Sheriff's
Office. Appellant told Torres he was in Austin on business that evening. Cell phone records,
however, place the appellant in the area of the murder and not in Austin.

 The sheriff's office placed appellant under surveillance. He was seen throwing away
items that belonged to an ex-girlfriend who was dating and living near the deceased at the time of
the murder. The ex-girlfriend reported that a .22 caliber pistol the appellant had given her when they
were dating was missing from her residence. Although the pistol was not located, a search of
appellant's apartment produced a pair of wire cutters. Prior to the murder, appellant and/or his
vehicle were seen on two separate occasions on the property adjacent to the residences of the ex-girlfriend and the deceased. At trial, appellant did not testify or call any witnesses.

 Appellant's court-appointed attorney on appeal has filed a motion to withdraw
supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the
requirements of Anders v. California, 386 U.S. 738 (1967), by presenting a professional evaluation
of the record demonstrating why there are no arguable grounds to be advanced. See also Penson
v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). No pro se brief has been filed.

 We have reviewed the record and find no reversible error. See Garner v. State,
300 S.W.3d 763, 766 (Tex. Crim. App. 2009); Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.
Crim. App. 2005). We agree with counsel that the appeal is frivolous. Counsel's motion to
withdraw is granted.

 The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson 

Affirmed 

Filed: November 5, 2010

Do Not Publish